FILED
CLERK, U.S. DISTRICT COURT

12/12/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____MMC_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 2:24-CR-00739-FWS |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| DAVID OZER, | |
| Defendant. | |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. § 1343]

A. INTRODUCTORY ALLEGATIONS

1. At times relevant to this Information:

    a. Defendant DAVID OZER, a resident of Roslyn Heights, New York, was a film producer and president of Strong Studios, Inc.

B. SCHEME TO DEFRAUD

2. Beginning no later than on or about March 13, 2023, and continuing through at least on or about June 21, 2024, defendant OZER, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud victims Ri.R., C.C., and Ro.R. as to material matters, and to obtain money and property by means of material false and fraudulent pretenses, representations, promises, and the concealment of material facts.

3. The scheme to defraud operated, in substance, as follows:

a. Defendant OZER, under the pretense that he was raising funds to be used in producing television series, caused victims Ri.R., C.C., and Ro.R. to send him money by interstate wire. Defendant OZER instead misappropriated the solicited funds to convert them to his personal use.

b. To create the false appearance that funds misappropriated from victims Ri.R., C.C., and Ro.R. were being used for their intended purposes, defendant OZER fabricated fraudulent documents, including falsified bank records, as well as forged correspondence from J.B., an award-winning film producer.

C. <u>INTERSTATE WIRE COMMUNICATION</u>

4. On or about January 9, 2024, for the purpose of executing the scheme to defraud described above, defendant OZER caused the transmission of a wire communication in interstate commerce, namely, an email to C.C. containing a purported loan document and wire instructions.

COUNT TWO

[18 U.S.C. § 1028A(a)(1)]

5. The United States Attorney realleges paragraphs 1, 3, and 4 here.

6. On or about June 21, 2024, defendant OZER knowingly possessed, transferred, and used, without lawful authority, means of identification that defendant OZER knew belonged to another person, that is, the name of victim J.B., during and in relation to the offense of Wire Fraud, a felony violation of Title 18, United States Code, Section 1343, as charged in Count One of this Information.

**FORFEITURE ALLEGATION**

[18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)]

7. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of defendant DAVID OZER's conviction of the offense set forth in Count One of this Information.

8. Defendant OZER, if so convicted, shall forfeit to the United States of America the following:

    a. All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense; and

    b. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

9. Pursuant to Title 18, United States Code, Section 981(a)(1)(c), as incorporated by Title 28, United States Code, Section 2461(c), defendant OZER, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

E. MARTIN ESTRADA
United States Attorney

*/s/ Lindsey Greer Dotson*

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

BRETT A. SAGEL
Assistant United States Attorney
Chief, Corporate and Securities
   Fraud Strike Force

ALEXANDER B. SCHWAB
Assistant United States Attorney
Deputy Chief, Corporate and
   Securities Fraud Strike Force

MATT COE-ODESS
Assistant United States Attorney
General Crimes Section